LaMonica Herbst & Maniscalco, LLP
3305 Jerusalem Avenue, Suite 201
Wantagh, NY 11793
(516) 826-6500
David A. Blansky, Esq.
Jordan Pilevsky, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:

CESAR CACHO AND
CARMEM CACHO,

                Debtors.
---------------------------------------------------------------x
GREGORY MESSER, ESQ., as Trustee
of the estate of Ceser Cacho and Carmen Cacho

                Plaintiff,

   -against-

WETZER JEANNOT and ROGER BELLO

               Defendants.
---------------------------------------------------------------x

Chapter 7

Case No. 08-48792 (ESS)

Adv. Pro. No. 10- (ESS)

**COMPLAINT**

Plaintiff Gregory Messer, Esq., as Chapter 7 Trustee (the "Plaintiff" or "Trustee") of the estate of Cesar Cacho (Cesar) and Carmen Cacho (collectively, the "Debtors"), by his attorneys, LaMonica Herbst & Maniscalco, LLP, as and for his Complaint against defendants Wetzer Jeannot ("Jeannot") and Roger Bello ("Bello") (collectively, the "Defendants"), alleges as follows:

**JURISDICTION AND VENUE**

1.      This adversary proceeding is brought under 11 U.S.C. §§ 105, 541, 542, 544, New York State Debtor and Creditor Law § 272, et. seq., the New York common law, and Rules 6009

1

and 7001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules) to avoid a fraudulent transfer to the Defendants and to recover property of the estate.

2. Since this action arises under the pending Chapter 7 bankruptcy case of the Debtors, this Court has jurisdiction over this action under 28 U.S.C. §§ 157 and 1334 and Bankruptcy Rules 6009 and 7001.

3. This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A),(E),(H) and (O).

4. Under 28 U.S.C. § 1409(a), this Court is the proper venue for this proceeding.

## BACKGROUND

5. On December 24, 2008 (the "Filing Date"), the Debtors filed a voluntary petition (the "Petition") for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

6. By Notice of Appointment, Gregory Messer, Esq. was appointed the Chapter 7 Trustee of the Debtors' estate, has since duly qualified, and is the permanent Trustee in this case.

## THE PARTIES

7. Upon information and belief, Jeannot is an individual residing at at 8 High Mountain Road, Pomona, New York 10970.

8. Upon information and belief, Bello is an individual residing at 113 Overlook Road, Pomona, New York 10970.

9. Plaintiff is authorized to file this action under § 323 of the Bankruptcy Code and Bankruptcy Rule 6009.

## ALLEGATIONS APPLICABLE TO ALL CLAIMS FOR RELIEF

10. Upon information and belief, Cesar and Jeannot were business partners for the purpose of acquiring and developing various real properties in Pomona, New York.

11. Upon information and belief, Cesar and Jeannot had an agreement that Cesar would purchase various real properties and obtain financing since Cesar had adequate credit.

12. Upon information and belief, Jeannot was obligated to handle the day to day operations of the real properties.

13. By deed (the "Deed") dated June 7, 2005, and recorded on July 5, 2005, Cesar purchased the real property located at, and known as, 8 High Mountain Road, Pomona, New York 10970 (the "Real Property") from Torsoe Brothers Construction Corp. ("Torsoe") for a purchase price of $425,000.00.

14. The Deed reflects that Cesar acquired a fee simple ownership of the Real Property.

15. Upon information and belief, at the time of the acquisition the Real Property was vacant land.

16. Upon information and belief, in order to purchase the Real Property and subsequently develop it, Cesar's mother loaned approximately $150,000.00 to Cesar (the "Personal Loan").

17. Upon information and belief, Cesar deposited the Personal Loan into a bank account in the name of an entity owned and controlled by Cesar for eventual use to purchase the Real Property.

18. Upon information and belief, Cesar used the Personal Loan to fund the purchase of the Real Property.

19. In addition, by mortgage dated June 7, 2005, recorded July 5, 2005 and secured against the Real Property, Cesar received a loan in the amount of $350,000.00 from Torsoe to purchase and develop the Real Property (the "First Torsoe Mortgage").

20. Cesar later granted a construction mortgage in the sum of $500,000.00 to Bismark Mortgage Co., LLC, dated July 20, 2005, which was secured against the Real Property (the "Bismark Mortgage").

21. By Agreement to Subordinate dated July 22, 2005, and recorded on August 9, 2005, the First Torsoe Mortgage was subordinated to the Bismark Mortgage.

22. A mortgage dated May 5, 2006 and recorded on July 6, 2006 was granted by Cesar to Torsoe in the sum of $525,000.00, which mortgage was secured against the Real Property (the "Second Torsoe Mortgage").

23. Upon information and belief, the funds received by Cesar on account of the Second Torsoe Mortgage were used to satisfy the Bismark Mortgage.

24. On or about March 29, 2007, Torsoe filed a Notice of Pendency against the Real Property.

25. Upon information and belief, Jeannot did not provide any money in order to acquire the Real Property.

26. Upon information and belief, Jeannot convinced Cesar to execute a power of attorney (the "Power of Attorney") in order to consummate a short sale of another real property owned by Cesar and managed by Jeannot.

27. Subsequently, and without Cesar's knowledge, Jeannot used the Power of Attorney to effectuate a transfer of Cesar's fee simple interest in the Real Property to a third-party, Bello.

28. Upon information and belief, by deed dated April 10, 2008 and recorded on April 14, 2008, Jeannot transferred the Real Property, pursuant to the Power of Attorney, from Cesar to Bello for a purchase price of $1,500,000.00 (the "Closing").

29. Upon information and belief, in connection with the Closing, Bello granted a mortgage, dated April 14, 2008 and recorded on April 14, 2008, to Wachovia Mortgage, FSB in the amount of $1,406,250.00, which mortgage was secured against the Real Property (the "Wachovia Mortgage").

30. Upon information and belief, part of the proceeds of the Wachovia Mortgage were used to satisfy the First Torsoe Mortgage, the Second Torsoe Mortgage and several mechanics' liens filed against the Real Property.

31. Upon information and belief, the sale of the Real Property to Bello should have resulted in net proceeds of approximately $591,405.41 (the "Net Proceeds"), which sum reflectsed the equity existing in the Real Property at the time of the transfer to Bello.

32. Upon information and belief, Cesar was not aware of the Closing.

33. Upon information and belief, Cesar did not attend the Closing.

34. Upon information and belief, Jeannot did not notify Cesar about the Closing.

35. Upon information and belief, Cesar did not receive any portion of the Net Proceeds.

36. Upon information and belief, Jeannot and/or Bello received and retained the Net Proceeds (the "Transfer").

37. Upon information and belief, Cesar did not receive any consideration for the Transfer.

5

38. By deed dated April 18, 2008, and recorded on April 29, 2008, Bello transferred the Real Property to Jeannot and Bello as tenants in common (the "TIC Deed").

39. According to the TIC Deed, Jeannot acquired a 99% interest in the Real Property while Bello retained the remaining 1% interest.

40. Upon information and belief, Jeannot currently resides at the Real Property.

**FIRST CLAIM FOR RELIEF**
(Fraudulent Transfer Pursuant to 11 U.S.C. § 548(a)(1)(A))
(Incorporating All Previous Allegations)

41. The Transfer was made within two (2) years of the Filing Date.

42. Upon information and belief, the Transfer was made with the actual intent to hinder, delay, or defraud the Debtors' creditors.

43. Cesar received less than reasonable equivalent value in exchange for the Transfer.

44. By reason of the foregoing, pursuant to §§ 548, 550 and 551 of the Bankruptcy Code, the Plaintiff is entitled to the entry of an order and judgment against one or more of the Defendants: (a) avoiding and setting aside the Transfer as a fraudulent conveyance; (b) directing one or more of the Defendants to immediately turn over the Transfer, in an amount as yet undetermined, but in no event less than $591,405.41, plus appropriate interest thereon; or (c) granting a money judgment against one or more of the Defendants, in an amount as yet undetermined, but in no event less than $591,405.41, plus appropriate interest thereon.

**SECOND CLAIM FOR RELIEF**
(Fraudulent Transfer Pursuant to 11 U.S.C. § 548(a)(1)(B))
(Incorporating All Previous Allegations)

45. The Transfer was made within two (2) years of the Filing Date.

46. Cesar received less than reasonable equivalent value in exchange for the Transfer.

47. Upon information and belief, Cesar (a) was insolvent on the date that the Transfer was made or became insolvent as a result of the Transfer, (b) was engaged in business or a transaction, or was about to engage in a business or a transaction, for which any property remaining with him was unreasonably small capital, or (c) intended to incur, or believed that he would incur, debts that would be beyond his ability to pay as they matured.

48. By reason of the foregoing, pursuant to §§ 548(a)(1)(B), 550 and 551 of the Bankruptcy Code, the Plaintiff is entitled to the entry of an order and judgment against one or more of the Defendants: (a) avoiding and setting aside the Transfer as a fraudulent conveyance; (b) directing one or more of the Defendants to immediately turn over the Transfer, in an amount as yet undetermined, but in no event less than $591,405.41, plus appropriate interest thereon; or (c) granting a money judgment against one or more of the Defendants, in an amount as yet undetermined, but in no event less than $591,405.41, plus appropriate interest thereon.

**THIRD CLAIM FOR RELIEF**
(Fraudulent Conveyance Pursuant to New York State Law)
(Incorporating All Previous Allegations)

49. Upon information and belief, the Transfer took place during the six (6) years preceding the Filing Date.

50. One or more of the Defendants was/were the initial transferee(s) of the Transfer.

51. The Transfer was made to or for the benefit of one or more of the Defendants.

52. Upon information and belief, at the time of the Transfer, Cesar was insolvent or was rendered insolvent as a result of the Transfer.

53. The Transfer was made to one or more of the Defendants without fair consideration.

54. The Transfer constitutes a fraudulent conveyance pursuant to New York Debtor and Creditor Law § 273.

55. By reason of the foregoing, pursuant to § 544 of the Bankruptcy Code, the Plaintiff is entitled to a judgment against one or more of the Defendants: (a) avoiding the Transfer pursuant to New York Debtor and Creditor Law § 273; and (b) pursuant to Bankruptcy Code Sections 550 and 551, recovering from one or more of the Defendants an amount as yet undetermined, but in no event less than $591,405.41, plus appropriate interest thereon.

### **FOURTH CLAIM FOR RELIEF**
(Fraudulent Conveyance Pursuant to New York State Law)
(Incorporating All Previous Allegations)

56. Cesar did not receive fair consideration for the Transfer.

57. Upon information and belief, at the time of the Transfer, Cesar was engaged or was about to engage in a business or transaction for which the property remaining in his possession after the Transfer constituted an unreasonably small capital.

58. The Transfer constitutes a fraudulent conveyance pursuant to New York Debtor and Creditor Law § 274.

59. By reason of the foregoing, pursuant to § 544 of the Bankruptcy Code, the Plaintiff is entitled to a judgment against one or more of the Defendants: (a) avoiding the Transfer pursuant to New York Debtor and Creditor Law § 274; and (b) pursuant to Bankruptcy Code Sections 550 and 551, recovering from one or more of the Defendants an amount as yet undetermined, but in no event less than $591,405.41, plus appropriate interest thereon.

## FIFTH CLAIM FOR RELIEF
(Fraudulent Conveyance Pursuant to New York State Law)
(Incorporating All Previous Allegations)

60. Cesar did not receive fair consideration for the Transfer.

61. Upon information and belief, at the time of the Transfer, Cesar had incurred debts beyond his ability to pay them as they became due.

62. The Transfer constitutes a fraudulent conveyance of Cesar's property pursuant to New York Debtor and Creditor Law § 275.

63. By reason of the foregoing, pursuant to § 544 of the Bankruptcy Code, the Plaintiff is entitled to a judgment against one or more of the Defendants: (a) avoiding the Transfer pursuant to New York Debtor and Creditor Law § 275; and (b) pursuant to Bankruptcy Code Sections 550 and 551, recovering from one or more of the Defendants an amount as yet undetermined, but in no event less than $591,405.41, plus appropriate interest thereon.

## SIXTH CLAIM FOR RELIEF
(Fraudulent Conveyance Pursuant to New York State Law)
(Incorporating all Previous Allegations)

64. The Transfer was made with the actual intent to hinder, delay, or defraud present or future creditors of the estate.

65. The Transfer constitutes a fraudulent conveyance of Cesar's property pursuant to New York Debtor and Creditor Law § 276.

66. By reason of the foregoing, pursuant to § 544 of the Bankruptcy Code, the Plaintiff is entitled to a judgment against one or more of the Defendants: (a) avoiding the Transfer pursuant to New York Debtor and Creditor Law § 276; and (b) pursuant to Bankruptcy Code Sections 550 and 551, recovering from one or more of the Defendants an amount as yet undetermined, but in no event less than $591,405.41, plus appropriate interest thereon.

## SEVENTH CLAIM FOR RELIEF
(Fraudulent Conveyance Pursuant to New York State Law)
(Incorporating all Previous Allegations)

67. The Transfer constitutes a fraudulent conveyance of Cesar's assets in violation of New York State Debtor and Creditor Law § 276.

68. By reason of the foregoing, pursuant to § 544 of the Bankruptcy Code, the Plaintiff is entitled to a judgment against one or more of the Defendants, pursuant to New York State Debtor and Creditor Law § 276-a, for reasonable attorneys' fees in an amount to be determined by the Court in connection with the prosecution of this adversary proceeding.

## EIGHTH CLAIM FOR RELIEF
(Unjust Enrichment)
(Incorporating all Previous Allegations)

69. The Transfer was an impermissible transfer of Cesar's property.

70. One or more of the Defendant's were/was was the ultimate beneficiary(ies) of the Transfer.

71. Cesar did not receive reasonably equivalent value or fair consideration for the Transfer.

72. Permitting one or more of the Defendants to retain the Transfer would unjustly enrich one or more of the Defendants.

73. As a consequence of the Transfer and failure of one or more of the Defendants to provide reasonably equivalent value or fair consideration to Cesar for the Transfer, one or more of the Defendants have/has been unjustly enriched and may not in equity retain the Transfer.

74. By reason of the foregoing, one or more of the Defendants is/are liable for unjust enrichment and the Plaintiff is entitled to recover from one or more of the Defendants a judgment

for the value of the Transfer, in an amount as yet undetermined, but in no less than $591,405.41, plus appropriate interest thereon.

## NINTH CLAIM FOR RELIEF
(Property of the Estate)
(Incorporating all Previous Allegations)

75. The Transfer was made to or for the benefit of one or more of the Defendants.

76. Upon information and belief, one or more of the Defendants failed to render adequate consideration to Cesar for the Transfer.

77. The Transfer made to one or more of the Defendants and the Net Proceeds are property of Cesar and would have remained an asset of the bankruptcy estate had the Transfer not occurred.

78. Cesar had a legal and equitable interest in the Real Property and the equity existing in the Real Property at the time of the Transfer.

79. Cesar's legal and equitable interest in the Real Property and the equity existing in the Real Property at the time of the Transfer is property of the estate.

80. By reason of the foregoing, the Plaintiff is entitled to the entry of a judgment, under §§541 and 542 of the Bankruptcy Code, against one or more of the Defendants: (a) directing one or more of the Defendants to immediately turn over the Transfer, in an amount as yet undetermined, but in no event less than $591,405.41, plus appropriate interest thereon; or (b) granting a money judgment against one or more of the Defendants, in an amount as yet undetermined, but in no event less than $591,405.41, plus appropriate interest thereon.

# TENTH CLAIM FOR RELIEF
(Breach of Fidcuiary Duty)
(Incorporating all Previous Allegations)

81. Upon information and belief, at all relevant times, Jeannot was a business partner of Cesar.

82. As Cesar's partner and by accepting the duties as Cesar's attorney in fact under the Power of Attorney, Jeannot owed Cesar a fiduciary duty of care, loyalty, and good faith.

83. During a time when Cesar was within a zone of insolvency, was insolvent, or would become insolvent as a result of any transfer, Jeannot owed a fiduciary duty to the creditors of Cesar not to divert, dissipate or unduly risk any assets necessary to satisfy the claims of the creditors of Cesar.

84. Jeannot breached his fiduciary duty by: (a) directing and permitting the Net Proceeds to be diverted from Cesar, (b) effectuating the Closing with Cesar's knowledge, (c) allowing Cesar to become insolvent; and (d) acquiring an interest in property overwhich he exercised the Power of Attorney.

85. As a result of this breach of Jeannot's fiduciary duties and obligations to Cesar, the Plaintiff is entitled to recover from Jeannot a judgment in an amount as yet undetermined and to be proven at trial, but in any event, no less than $591,405.41, plus appropriate interest thereon.

**WHEREFORE**, the Plaintiff demands judgment on his claims for relief against one or more of the Defendants as follows:

1. On the first claim for relief, pursuant to §§ 548(a)(1)(A), 550 and 551 of the Bankruptcy Code, a judgment against one or more of the Defendants: (a) avoiding and setting aside the Transfer as a fraudulent conveyance; (b) directing one or more of the Defendants to immediately turn over the Transfer, in an amount as yet undetermined, but in no event less than $591,405.41, plus appropriate interest thereon; or (c) granting a money judgment against one or more of the Defendants, in an amount as yet undetermined, but in no event less than $591,405.41, plus appropriate interest thereon; and

2. On the second claim for relief, pursuant to §§ 548(a)(1)(B), 550 and 551 of the Bankruptcy Code, a judgment against one or more of the Defendants: (a) avoiding and setting aside the Transfer as a fraudulent conveyance; (b) directing one or more of the Defendants to immediately turn over the Transfer, in an amount as yet undetermined, but in no event less than $591,405.41, plus appropriate interest thereon; or (c) granting a money judgment against one or more of the Defendants, in an amount as yet undetermined, but in no event less than $591,405.41, plus appropriate interest thereon;

3. On the third claim for relief, pursuant to § 544 of the Bankruptcy Code: (a) avoiding the Transfer pursuant to New York Debtor and Creditor Law § 273 and (b) pursuant to Bankruptcy Code Sections 550 and 551, recovering from one or more of the Defendants an amount as yet undetermined, but in no event less than $591,405.41, plus appropriate interest thereon;

4. On the fourth claim for relief, pursuant to § 544 of the Bankruptcy Code: (a) avoiding the Transfer pursuant to New York Debtor and Creditor Law § 274 and (b) pursuant to Bankruptcy Code Sections 550 and 551, recovering from one or more of the Defendants an amount as yet undetermined, but in no event less than $591,405.41, plus appropriate interest thereon;

5. On the fifth claim for relief, pursuant to § 544 of the Bankruptcy Code: (a) avoiding the Transfer pursuant to New York Debtor and Creditor Law § 275 and (b) pursuant to Bankruptcy Code Sections 550 and 551, recovering from one or more of the Defendants an amount as yet undetermined, but in no event less than $591,405.41, plus appropriate interest thereon;

6. On the sixth claim for relief, pursuant to § 544 of the Bankruptcy Code: (a) avoiding the Transfer pursuant to New York Debtor and Creditor Law § 276 and (b) pursuant to Bankruptcy Code Sections 550 and 551, recovering from one or more of the Defendants an amount as yet undetermined, but in no event less than $591,405.41, plus appropriate interest thereon;

7. On the seventh claim for relief, a judgment against one or more of the Defendants, pursuant to § 544 of the Bankruptcy Code and § 276-a of New York Debtor and Creditor Law, for reasonable attorneys' fees in an amount to be determined by the Court in connection with the prosecution of this adversary proceeding;

8. On the eighth claim for relief, a judgment determining that one or more of the Defendants is/are liable for damages for unjust enrichment, in an amount as yet undetermined, but in no event less than $591,405.41 plus interest thereon;

9. On the ninth claim for relief, under §§541 and 542 of the Bankruptcy Code: (a) directing one or more of the Defendants to immediately turn over the Transfer, in an amount as yet undetermined, but in no event less than $591,405.41, plus appropriate interest thereon; or (b) granting a money judgment against one or more of the Defendants, in an amount as yet undetermined, but in no event less $591,405.41, plus appropriate interest thereon; and

10. On the tenth claim for relief, a judgment against Jeannot in an amount as yet undetermined, but in no event less than $591,405.41, plus appropriate interest thereon.

Dated: December 20, 2010
      Wantagh, New York

**LaMONICA HERBST & MANISCALCO LLP**
Attorneys for the Plaintiff

By:    *s/ David A. Blansky*
       David A. Blansky, Esq.
       A Partner of the Firm
       3305 Jerusalem Avenue
       Wantagh, New York 11793
       (516) 826-6500

*M:\Documents\Company\Cases\Cacho, Cesar & Carmen\Adv Pro\Complaint.doc*